Zhenxiong Fan (SBN: 318013)
Law Offices of Zhenxiong Fan
1041 S. Garfield Ave., #103
Alhambra, CA 91801
Telephone: (626) 257-0369 | Email: Zf65@cornell.edu
Attorney for Petitioner XINJILETU

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| XINJILETU, FNU,<br><br>Petitioner,<br><br>v.<br><br>SCOTT FRAUENHEIM, in his official capacity as Warden and Facility Administrator of Central Valley Annex,<br><br>Respondent. | **Case No.: __________________**<br><br>**PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>(Civil Immigration Detention) |

## PETITION FOR WRIT OF HABEAS CORPUS

## PURSUANT TO 28 U.S.C. § 2241

## I. INTRODUCTION

1. Petitioner XINJILETU ("Petitioner") is a civil immigration detainee confined at Central Valley Annex, 254 Taylor Avenue, McFarland, California 93250. His Alien Registration Number is A216-308-727. He has no final order of removal, and his next master-calendar hearing is set to proceed by internet on October 5, 2026.

2. Petitioner lawfully entered the United States through Los Angeles International Airport on December 4, 2019, in B-1 nonimmigrant status, with authorization to remain until June 3, 2020. While that authorized period was still running, USCIS received his complete Form I-589 application for asylum and withholding of removal on January 9, 2020. The application remains pending.

3. For more than six years after USCIS accepted that application, the Government knew Petitioner's identity, A-number, address, and claim for protection and allowed him to remain in the community while the immigration process continued. He established a working life and, on April 15, 2026, was working as a bus driver when officers of U.S. Immigration and Customs Enforcement ("ICE") arrested him.

4. According to the information presently available to Petitioner, ICE gave no advance notice, no opportunity to be heard before a neutral decisionmaker, and no explanation of any new fact requiring physical confinement. On information and belief, ICE did not obtain a Form I-200 administrative warrant or other administrative warrant before arresting Petitioner. At minimum, no such warrant—or Form I-213, Form I-286, sworn arrest report, or other contemporaneous arrest record—has been provided among the materials available to counsel.

5. On May 14, 2026, Immigration Judge Scott Greenbaum denied Petitioner's request for custody redetermination. The written order states only "flight risk." It contains no factual findings, identifies no evidence, makes no danger finding, and does not address conditions or other alternatives to detention. The order reflects that DHS waived appeal and Petitioner reserved appeal.

6. The May 14 proceeding was the ordinary section 1226(a) bond process, under which the detained noncitizen bears the burden to establish eligibility for release. It was not the pre-deprivation process required before the Government abruptly seized a person whom it had knowingly permitted to live in the community for years, and it did not place on the Government the burden appropriate to remedy that completed constitutional violation.

7. Petitioner seeks restoration of the status quo that existed before April 15, 2026. Alternatively, he seeks a prompt, constitutionally adequate custody hearing before a neutral decisionmaker at which the Government must prove by clear and convincing evidence that detention is presently necessary to prevent flight or danger and at which the decisionmaker must consider less restrictive alternatives.

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 2241(c)(3) because Petitioner is in custody in violation of the Constitution and laws of the United States. Habeas remains available for a noncitizen's challenge to executive detention that is independent of the merits of removal. *Zadvydas v. Davis*, 533 U.S. 678, 687–88 (2001); *INS v. St. Cyr*, 533 U.S. 289, 301–03 (2001).

9. Petitioner challenges the legal authority and procedures supporting his present custody. He does not seek review of an Immigration Judge's discretionary weighing of bond evidence and does not ask this Court to adjudicate removability or the merits of his asylum application. Sections 1226(e), 1252(a), and 1252(g) therefore do not bar review. *Jennings v. Rodriguez*, 583 U.S. 281, 292–95 (2018); *Martinez v. Clark*, 124 F.4th 775, 783–86 (9th Cir. 2024).

10. Petitioner is confined in Kern County, within the Eastern District of California. Respondent is his immediate custodian at Central Valley Annex and can carry out an order directing release. Venue is proper under 28 U.S.C. § 1391(e), *Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004), and *Doe v. Garland*, 109 F.4th 1188, 1199 (9th Cir. 2024).

11. Because this action arises in Kern County, it is properly commenced in the Fresno Division under Eastern District of California Local Rule 120(d).

## III. PARTIES

12. Petitioner uses one name, XINJILETU. Government records variously style that single name as "XINJILETU, FNU" and "XINJILETU, NO NAME GIVEN." Petitioner is a native and citizen of the People's Republic of China, born September 9, 1983. His correct A-number for this action is A216-308-727. He is a "person" protected by the Fifth Amendment. *Zadvydas*, 533 U.S. at 693.

13. Respondent Scott Frauenheim is the Warden and Facility Administrator of Central Valley Annex and is sued only in his official capacity. Respondent exercises immediate physical custody over Petitioner and is the proper habeas respondent. If the office-holder changes, the current office-holder should be substituted automatically in that official capacity.

## IV. FACTUAL BACKGROUND

### A. Lawful Entry and the Pending Asylum Application

14. Petitioner's passport contains a B-1/B-2 visa issued in Beijing on March 21, 2017, and valid through March 16, 2027. His passport further reflects a December 4, 2019 admission at Los Angeles International Airport in B-1 status, with an authorized stay through June 3, 2020. (Ex. A.)

15. On January 9, 2020—approximately five months before that authorized stay expired—USCIS received Petitioner's complete Form I-589 application for asylum and withholding of removal. USCIS assigned receipt number ZLA2045062990 under A216-308-727 and confirmed that the application was pending. (Ex. B.)

16. Petitioner does not contend that a pending asylum application, standing alone, confers an immigration status. The application and receipt are important because they show that the Government knew where Petitioner was, had an open adjudicative process involving him, and expressly allowed that process to remain pending for years before suddenly imposing physical custody.

17. During those years, Petitioner lived in the community and worked. On April 15, 2026, ICE officers encountered him while he was working as a bus driver and took him into custody.

### B. ICE Arrested Petitioner Without Prior Process or a Disclosed Custody Basis

18. Before the arrest, ICE did not give Petitioner written notice that it intended to confine him, identify a violation of any reporting or release obligation, or afford a hearing before a neutral decisionmaker concerning whether custody was necessary. On the present record, no intervening event or new circumstance was identified to create urgency on April 15, 2026.

19. Section 236(a) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226(a), authorizes arrest and detention pending a decision on removability "[o]n a warrant issued by the Attorney General." The implementing regulations use Form I-200 as the administrative warrant of arrest. 8 C.F.R. §§ 236.1(b)(1), 1236.1(b)(1).

20. On information and belief, no Form I-200 or other administrative warrant had been issued before ICE seized Petitioner. At minimum, no executed pre-arrest warrant appears in the record presently available to Petitioner, and the relevant records are exclusively within the Government's control. If ICE proceeded without a warrant, the facts presently known do not satisfy 8 U.S.C. § 1357(a)(2)'s separate requirement of a particularized basis to believe Petitioner was likely to escape before a warrant could be obtained.

21. The Ninth Circuit treats the likelihood-of-escape requirement as an independent, individualized statutory condition. *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995). Petitioner's known identity and address, long-pending affirmative asylum application, years of availability to the Government, stable employment, and scheduled immigration proceeding are inconsistent with an unexplained conclusion that he would escape before ICE could obtain an administrative warrant.

22. If Respondent contends that a warrant existed or that officers invoked section 1357(a)(2), the relevant Forms I-200, I-213, I-286, arrest reports, custody classification records, and other contemporaneous materials are uniquely within the Government's possession. Those records should be lodged with the return so the Court can determine whether the statutory predicates existed before the seizure.

23. Since April 15, 2026, Petitioner has remained confined at Central Valley Annex while his civil removal and asylum proceedings remain unresolved.

**C. The May 14 Bond Proceeding Did Not Supply the Process Previously Denied**

24. Petitioner requested custody redetermination under 8 C.F.R. § 1236.1(d). On May 14, 2026, the Conroe Immigration Court issued a written custody order denying release. Immigration Judge Scott Greenbaum selected "Denied" and wrote only "flight risk." (Ex. C at 3–4.)

25. The supplied written order does not identify facts supporting that conclusion, make a danger finding, discuss Petitioner's lawful entry or pending I-589, address his employment and community ties, or evaluate whether conditions could reasonably assure appearance. DHS waived appeal; Petitioner reserved appeal; and the order listed June 15, 2026 as the appeal deadline. Petitioner did not file Form EOIR-26, and no administrative bond appeal is pending. (Ex. C at 4.)

26. Nor was the proceeding structured to determine whether ICE lawfully could take Petitioner from years of government-acquiesced community liberty without notice and a prior hearing. It instead applied the ordinary section 1226(a) framework, under which the detainee bears the burden to show by a preponderance of the evidence that he is neither dangerous nor a flight risk. *Matter of Adeniji*, 22 I. & N. Dec. 1102, 1113 (B.I.A. 1999).

27. Petitioner's internet-based master-calendar hearing in his removal case is scheduled for October 5, 2026. He has not received a final removal order. His present detention serves only the civil objectives of assuring appearance and protecting the community, neither of which permits confinement without the process due under the circumstances.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

28. Section 2241 contains no statutory exhaustion requirement. Any exhaustion requirement is prudential and may be excused when administrative review would be futile or inadequate, when irreparable injury would result, or when the issue is predominantly legal. *Laing v. Ashcroft*, 370 F.3d 994, 999–1000 (9th Cir. 2004).

29. This petition raises questions the bond-appeal process cannot resolve: whether ICE complied with the warrant or warrantless-arrest requirements before the April 15 seizure; whether due process required notice and a neutral hearing before the Government disturbed Petitioner's long-settled community liberty; and what habeas remedy follows from that completed constitutional injury. The BIA lacks authority to invalidate governing procedures on constitutional grounds. *Garcia-Ramirez v. Gonzales*, 423 F.3d 935, 938 (9th Cir. 2005).

30. Petitioner does not ask this Court to reweigh the evidence that was presented to the Immigration Judge or to substitute its discretionary judgment about bond. He challenges the antecedent legality of the arrest and the allocation of proof required at a hearing that can remedy the antecedent due-process violation. Those legal and procedural questions remain reviewable notwithstanding 8 U.S.C. § 1226(e). *Martinez*, 124 F.4th at 783–86.

31. The May 14 order states that Petitioner reserved appeal and that any appeal was due June 15, 2026. Petitioner did not file Form EOIR-26, and no administrative bond appeal is pending. Petitioner discloses that omission and does not ask this Court to undertake ordinary appellate review of the Immigration Judge's discretionary flight-risk determination. Although *Leonardo v. Crawford* identifies appeal to the BIA as the ordinary route for review of a section 1226(a) bond decision, 646 F.3d 1157, 1160–61 (9th Cir. 2011), the claims here attack ICE's antecedent arrest authority and the constitutional adequacy of the procedures needed to remedy a completed pre-deprivation violation.

32. To the extent prudential exhaustion applies, it should be excused under *Laing* for those distinct claims. Continued physical confinement causes an irreparable loss of liberty; the completed denial of pre-deprivation process cannot be retroactively cured; the questions presented are predominantly legal; and the BIA cannot invalidate the governing burden rule on constitutional grounds or grant the primary habeas remedy sought—restoration of the pre-arrest status quo. Requiring an administrative bond appeal under these circumstances would therefore be inadequate and would not materially advance agency expertise or record development.

## VI. CLAIMS FOR RELIEF

### CLAIM ONE: THE APRIL 15 ARREST AND INITIAL DETENTION LACKED THE STATUTORY PREDICATES AND PRE-DEPRIVATION PROCESS REQUIRED BY LAW

33. Petitioner realleges and incorporates paragraphs 1 through 32 as though fully set forth here.

34. Section 1226(a) governs discretionary detention of an admitted noncitizen, including a visa overstayer, pending a decision on removability. *Rodriguez Vazquez v. Bostock*, No. 25-6842, slip op. at 14–15 (9th Cir. July 30, 2026). It authorizes arrest "on a warrant" and permits later release on bond or conditional parole. 8 U.S.C. § 1226(a).

35. The Government cannot satisfy that express arrest condition merely by showing that it could initiate removal proceedings. On the present record, it has not produced an administrative warrant that existed and was issued before Petitioner's arrest. A document created after the seizure would not supply the pre-arrest authority Congress required.

36. If the arrest was warrantless, section 1357(a)(2) required a contemporaneous, particularized basis to believe Petitioner would escape before a warrant could be obtained. *Mountain High Knitting*, 51 F.3d at 218. General assumptions associated with removability cannot replace that separate finding. The known facts—years of government contact, a pending application, an ascertainable address and identity, employment, and an upcoming court process—gave ICE ample time and means to obtain an administrative warrant.

37. On information and belief, ICE lacked both a pre-arrest administrative warrant and a contemporaneous, particularized likelihood-of-escape basis. If the return confirms that allegation, the April 15 arrest was unauthorized under the INA. Courts in this District have treated section 1226(a)'s warrant language as unequivocal and ordered release where ICE failed to comply. *Ramirez Perez v. Chestnut*, No. 1:26-cv-00277-DJC-CKD, F. & R. at 6–7 (E.D. Cal. July 22, 2026); *Kumar v. Noem*, No. 1:26-cv-00601-DC-EFB, 2026 WL 1949001, at *3 (E.D. Cal. July 6, 2026), adopted, 2026 WL 2086011 (E.D. Cal. July 20, 2026); *Mayen v. Warden*, No. 1:26-cv-02354-DAD-AC, 2026 WL 1158217, at *2 (E.D. Cal. Apr. 29, 2026).

38. The arrest also implicated the Fifth Amendment. Freedom from physical imprisonment lies at the core of the liberty protected by due process. *Zadvydas*, 533 U.S. at 690. Petitioner's interest was concrete: for more than six years after his lawful admission and affirmative asylum filing, the Government knowingly left him in the community to live and work while his application remained pending.

39. Recent decisions in this District hold that similarly situated visa entrants with pending affirmative asylum applications acquire a substantial liberty interest in continued community life after years of government knowledge and acquiescence. *Gagik T. v. Chestnut*, No. 1:26-cv-04337-MWJS, 2026 WL 1837413 (E.D. Cal. June 25, 2026); *Jie Yu v. Field Office Director, ERO, San Francisco*, No. 1:26-cv-04648-MWJS, 2026 WL 1893576 (E.D. Cal. June 30, 2026).

40. The same reasoning has been applied to a detainee at this very facility. *Contreras-Martinez v. Warden, Central Valley Annex*, No. 1:26-cv-04674-MWJS, ECF No. 9 (E.D. Cal. July 9, 2026). See also *Arikapudi v. Andrews*, No. 1:26-cv-05805 (E.D. Cal. Aug. 15, 2026) (ordering release and pre-deprivation protections for a lawfully admitted noncitizen arrested from the community).

41. Under *Mathews v. Eldridge*, the Court balances the private interest, the risk of erroneous deprivation and value of added safeguards, and the Government's interest. 424 U.S. 319, 335 (1976). Each factor favors notice and a neutral hearing before seizure on the facts alleged here.

42. First, the private interest is profound. Physical incarceration separated Petitioner from his work and ordinary community life and impairs his ability to assist counsel in asylum and removal proceedings. The difference between living openly in the community and detention is not a marginal change in supervision; it is a complete loss of physical liberty.

43. Second, the risk of error is severe when ICE may arrest without explaining a changed circumstance, producing a warrant, or presenting evidence to a neutral adjudicator. A pre-deprivation hearing would test identity, statutory authority, flight risk, danger, and alternatives before rather than after liberty is lost.

44. Third, the Government retains powerful tools to enforce immigration law, including notice, administrative warrants, reporting conditions, electronic monitoring, and prompt hearings. Nothing in the current record suggests an emergency that made ordinary process impracticable. A short hearing imposes a modest burden compared with the cost and harm of unnecessary incarceration.

45. Thus, even if Respondent later produces a facially valid Form I-200, the statutory-warrant and Fifth Amendment due-process questions are not coextensive. After years of government-acquiesced liberty and absent a genuine exigency, due process required notice and a neutral pre-deprivation determination that confinement was necessary. *Jie Yu*, 2026 WL 1893576; *Gagik T.*, 2026 WL 1837413.

46. The deprivation occurred on April 15, 2026, when ICE confined Petitioner without those safeguards. A later proceeding that presumes detention and makes Petitioner prove his way out cannot supply the process that was due before the seizure. Immediate release to the pre-arrest status quo is the appropriate habeas remedy. Petitioner does not seek suppression or termination of removal proceedings, so *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1039–42 (1984), does not answer the remedy for custody that continues from an established statutory arrest violation.

**CLAIM TWO: THE ORDINARY BOND HEARING DID NOT CURE THE VIOLATION; AT A REMEDIAL HEARING, THE GOVERNMENT MUST JUSTIFY DETENTION**

47. Petitioner realleges and incorporates paragraphs 1 through 46 as though fully set forth here.

48. Petitioner recognizes that the ordinary initial bond framework under section 1226(a) places on the detainee the burden to show by a preponderance of the evidence that he is neither dangerous nor a flight risk. 8 C.F.R. § 1236.1(c)(8); *Matter of Adeniji*, 22 I. & N. Dec. at 1113; *Rodriguez Vazquez*, No. 25-6842, slip op. at 14–15.

49. Petitioner also recognizes that *Rodriguez Diaz v. Garland* rejected a facial due-process challenge to that ordinary burden allocation for a person already detained under section 1226(a). 53 F.4th 1189, 1200–13 (9th Cir. 2022). This petition does not ask the Court to hold that every first section 1226(a) bond hearing must use a Government burden.

50. This case presents the question *Rodriguez Diaz* did not decide: what process and remedy are due when the Government first seizes a person after years of government-sanctioned or government-acquiesced liberty without prior notice and a neutral hearing. *Jie Yu* squarely distinguished *Rodriguez Diaz* on that ground. 2026 WL 1893576. Although *Jatin Jatin v. Bowen*, No. 5:26-cv-00227-PD (C.D. Cal. Aug. 19, 2026), treated a later standard bond hearing as curative, that nonbinding decision did not require DHS to justify withdrawing settled liberty and conflicts with the materially closer approach taken in *Jie Yu* and *Gagik T.*

51. Where the Government initiates a new physical restraint and omits the process due before doing so, the remedial hearing must meaningfully test the Government's decision. Requiring the already-confined person to disprove flight risk or danger would entrench the erroneous-deprivation risk created by the initial unilateral seizure.

52. The Government is the party with access to the arrest warrant, officer declarations, enforcement records, databases, and custody-classification materials on which the detention decision purportedly rests. It also is the party seeking to alter the years-long status quo. Allocating the burden to the Government therefore has high accuracy value and little administrative cost.

53. Because the interest is freedom from incarceration, the proper level of proof is clear and convincing evidence. That standard appropriately reduces the risk of erroneous confinement while still permitting detention when genuinely necessary. Courts addressing materially similar pre-deprivation violations have ordered the Government to carry that burden. *Gagik T.*, 2026 WL 1837413; *Jie Yu*, 2026 WL 1893576; *Contreras-Martinez*, ECF No. 9.

54. The May 14 hearing did not use that remedial framework. It applied the ordinary presumption and burden after ICE had already taken Petitioner's liberty. The resulting written order says only "flight risk" and supplies no indication that the Immigration Judge adjudicated ICE's pre-arrest statutory authority, the process due before the seizure, or the remedy for any antecedent violation. Petitioner relies on those features to show that the later standard hearing did not cure the earlier injury, not to obtain appellate reweighing of the Immigration Judge's discretionary flight-risk determination.

55. Section 1226(e) does not bar review of a challenge to the legal standard or constitutionally adequate procedure. *Martinez*, 124 F.4th at 783–86. The Government-burden hearing requested here is a remedy for the antecedent statutory and due-process violation alleged in Claim One, not ordinary appellate review of the May 14 bond decision.

56. Petitioner does not ask this Court to decide the ultimate discretionary bond amount. He asks the Court to remedy the anterior constitutional wrong. The primary remedy is immediate release. At minimum, a new hearing must place on the Government the burden to prove by clear and convincing evidence that present detention is necessary, must require consideration of less restrictive alternatives, and must result in findings sufficient for meaningful review.

## VII. PRAYER FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Assume jurisdiction over this action under 28 U.S.C. § 2241;
2. Issue the writ and declare that Petitioner's arrest, initial detention, and continued custody violate the INA and the Due Process Clause to the extent Respondent cannot establish a valid pre-arrest warrant or the predicates for warrantless arrest and constitutionally adequate process;
3. Order Respondent to release Petitioner immediately to the community status quo that existed before April 15, 2026, with reasonable reporting conditions if the Court deems them appropriate;
4. Enjoin Respondent from re-arresting Petitioner while his immigration proceedings remain pending unless ICE first supplies meaningful notice and a pre-deprivation hearing before a neutral decisionmaker, except upon a final executable removal order or a genuine exigency supported by particularized facts;
5. Alternatively, order Respondent to provide, within seven days, a constitutionally adequate custody hearing at which the Government must prove by clear and convincing evidence that detention is necessary to prevent flight or danger, the decisionmaker must consider less restrictive alternatives, and a reasoned decision must issue;
6. Direct Respondent to lodge with the return the executed Form I-200, Form I-213, Form I-286, arrest reports, custody-classification records, recording or transcript of the May 14 hearing, and all written reasons supporting the bond decision;
7. Pending final adjudication, require reasonable advance notice to Petitioner, counsel, and the Court before any transfer outside the Eastern District of California; and
8. Grant such other and further relief as the Court deems just and proper.

DATED: September 4, 2026

Respectfully submitted,

**LAW OFFICES OF ZHENXIONG FAN**

By: /s/ Zhenxiong Fan
Zhenxiong Fan
Attorney for Petitioner XINJILETU

**VERIFICATION PURSUANT TO 28 U.S.C. § 2242**

I, XINJILETU, am the Petitioner in this action. I have reviewed this Petition through an interpreter if necessary. I declare under penalty of perjury under the laws of the United States that the factual allegations concerning me in the foregoing Petition are true and correct.

Executed on: September 8, 2026

At: Central Valley Annex, McFarland, CA

新吉勒图

XINJILETU, Petitioner

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

XINJILETU, FNU, Petitioner,

v.

SCOTT FRAUENHEIM, in his official capacity as Warden and Facility Administrator of Central Valley Annex, Respondent.

# EXHIBIT A

## Passport, B-1/B-2 Visa, and Admission Stamps

**ATTACHED TO PETITION FOR WRIT OF HABEAS CORPUS**


ADMITTED
LAX
B-1
JUN 0 3 2020
ADMITTED
LAX
4815
2017-11-01
CHINA
VISA
UNITED STATES OF AMERICA
Issuing Post Name
BEIJING
Control Number
20170761440002
Surname
XINJILETU
Given Name
FNU
Visa Type /Class
R B1/B2
Passport Number
E64320165
Sex
M
Birth Date
09SEP1983
Nationality
CHIN
Entries
M
Issue Date
21MAR2017
Expiration Date
16MAR2027
1001
Annotation
M2989532
EVUS ENROLLMENT REQUIRED
ENROLL AT WWW.EVUS.GOV
VNUSAXINJILETU<<FNU<<<<<<<<<<<<<<<<<<<<<<<<<
E643201657CHN8309097M2703165B3BEJ20JIC511138

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

XINJILETU, FNU, Petitioner,

v.

SCOTT FRAUENHEIM, in his official capacity as Warden and Facility Administrator of Central Valley Annex, Respondent.

# EXHIBIT B

## USCIS Form I-589 Receipt Notice (A216-308-727)

**ATTACHED TO PETITION FOR WRIT OF HABEAS CORPUS**

THE UNITED STATES OF AMERICA

# I-797 | NOTICE OF ACTION | DEPARTMENT OF HOMELAND SECURITY U.S. CITIZENSHIP AND IMMIGRATION SERVICES

| Receipt Number | | Case Type |
|---|---|---|
| ZLA2045062990 | | I589 - APPLICATION FOR ASYLUM AND FOR WITHHOLDING OF REMOVAL |
| Received Date 01/09/2020 | Priority Date | Applicant A216 308 727 XINJILETU, FNU |
| Notice Date 05/19/2020 | Page 1 of 1 | |

FNU XINJILETU
11730 SALVIA ST
JURUPA VALLEY CA 91752

**Notice Type:** Receipt Notice

*** ACKNOWLEDGEMENT OF RECEIPT ***

Your complete Form I-589 Application for Asylum and Withholding of Removal was received and is pending as of 01/09/2020. You may remain in the U.S. until your asylum application is decided. If you wish to leave while your application is pending, you must obtain advance parole from USCIS. If you change your address, send written notification of the change within 10 days to the Asylum Office at the below address or using the USCIS Online Change of Address system at https://egov.uscis.gov/coa/displayCOAForm.do. You will receive a notice informing you when you and those listed on your application as a spouse or child dependents must appear at an Application Support Center for biometrics collection. You will also receive a notice informing you when you and those listed on your application as a spouse or dependents must appear for an asylum interview. Those notices will contain instructions for what to bring to your ASC appointment and what to bring to your asylum interview.

WARNING: Failure to appear at the ASC for biometrics collection or for your asylum interview may affect your eligibility for employment authorization, and may also result in the dismissal of your asylum application or referral of your asylum application to an immigration judge.

| Alien Number | Name |
|---|---|
| A216 308 727 | XINJILETU, FNU |

Please see the additional information on the back. You will be notified separately about any other cases you filed.

Los Angeles Asylum Office
U. S. CITIZENSHIP & IMMIGRATION SVC
P.O. Box 2003
Tustin CA 92781-2003

**USCIS Contact Center: www.uscis.gov/contactcenter**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

XINJILETU, FNU, Petitioner,

v.

SCOTT FRAUENHEIM, in his official capacity as Warden and Facility Administrator of Central Valley Annex, Respondent.

# EXHIBIT C

## May 14, 2026 Immigration Judge Bond Order

**ATTACHED TO PETITION FOR WRIT OF HABEAS CORPUS**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CONROE IMMIGRATION COURT**

Respondent Name:
XINJILETU, NO NAME GIVEN
To:
Zhao, Chen
13618 39th Ave
8FL
Flushing, NY 11354

A-Number:
216-308-727
Riders:
In Custody Redetermination Proceedings

Date:
05/14/2026

☐ Unable to forward - no address provided.

☑ Attached is a copy of the **decision of the Immigration Judge.** This decision is final unless an appeal is filed with the Board of Immigration Appeals within 30 calendar days of the date of the mailing of this written decision. See the enclosed forms and instructions for properly preparing your appeal. Your notice of appeal, attached documents, and fee or fee waiver request must be mailed to:

Board of Immigration Appeals
Office of the Clerk
P.O. Box 8530
Falls Church, VA 22041

☐ Attached is a copy of the decision of the immigration judge as the result of your Failure to Appear at your scheduled deportation or removal hearing. This decision is final unless a Motion to Reopen is filed in accordance with Section 242B(c)(3) of the Immigration and Nationality Act, 8 U.S.C. § 1252B(c)(3) in deportation proceedings or section 240(b)(5)(c), 8 U.S.C. § 1229a(b)(5)(c) in removal proceedings. If you file a motion to reopen, your motion must be filed with this court:

Immigration Court

☐ Attached is a copy of the decision of the immigration judge relating to a Reasonable Fear Review. Pursuant to 8 C.F.R. § 1208.31(g)(1), no administrative appeal is available.

☐ Attached is a copy of the decision of the immigration judge relating to a **Credible Fear Review.** This is a final order. No appeal is available.

☐ Other:

Date:

Immigration Judge: Greenbaum, Scott 05/14/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : XINJILETU, NO NAME GIVEN | A-Number : 216-308-727

Riders:

Date: 05/14/2026 By: MORRIS, KAYLA, Court Staff

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**CONROE IMMIGRATION COURT**

Respondent Name:
XINJILETU, NO NAME GIVEN

To:
Zhao, Chen
13618 39th Ave
8FL
Flushing, NY 11354

A-Number:
216-308-727
Riders:
In Custody Redetermination Proceedings

Date:
05/14/2026

**ORDER OF THE IMMIGRATION JUDGE**

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because
flight risk

☐ Granted. It is ordered that Respondent be:
- ☐ released from custody on his own recognizance.
- ☐ released from custody under bond of $
- ☐ other:

☐ Other:

Immigration Judge: Greenbaum, Scott 05/14/2026

| | | | |
|---|---|---|---|
| Appeal: | Department of Homeland Security: | ☑ waived | ☐ reserved |
| | Respondent: | ☐ waived | ☑ reserved |

Appeal Due: 06/15/2026

**Certificate of Service**

This document was served:

Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable

To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS

Respondent Name : XINJILETU, NO NAME GIVEN | A-Number : 216-308-727

Riders:

Date: 05/14/2026 By: MORRIS, KAYLA, Court Staff