UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**JS-6**

**CIVIL MINUTES – GENERAL**

Case No. 5:26-cv-05192-SSC Date: September 14, 2026

Title Fnu Xinjiletu v. Scott Frauenheim

Present: The Honorable Stephanie S. Christensen, U.S. Magistrate Judge

| Teagan Snyder | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**Proceedings:** (IN CHAMBERS) **Order Transferring Action to the United States District Court for the Eastern District of California**

On September 8, 2026, Petitioner Xinjiletu[1] filed a habeas corpus petition pursuant to 28 U.S.C. § 2241, challenging his immigration detention. (ECF 1.) As reflected in the petition, Petitioner is detained at Central Valley Annex, in McFarland, Kern County, and was detained there on the date the petition was filed. (*Id.* at 1–2, 4, 11.) *See* Online Detainee Locator System, https://locator.ice.gov/odls/#/search (last visited Sept. 10, 2026) (search A-Number "216308727" and country of birth "China").

For habeas petitions challenging physical confinement, "jurisdiction lies in only one district: the district of confinement."

[1] According to the petition, Petitioner uses one name: "Xinjiletu." (ECF 1 at 3.) The Court therefore does so here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-05192-SSC | Date: | September 14, 2026 |
| Title | Fnu Xinjiletu v. Scott Frauenheim | | |

*Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004). The Ninth Circuit has applied this district-of-confinement rule to habeas challenges to immigration detention such as this case. *See Lopez-Marroquin v. Barr*, 955 F.3d 759, 760 (9th Cir. 2020). Habeas jurisdiction is established at the time of filing. *Johnson v. Gill*, 883 F.3d 756, 761 (9th Cir. 2018). Courts are authorized to transfer an action to a court in which the action could have been brought at the time it was filed to cure lack of jurisdiction or improper venue in the interest of justice. *See* 28 U.S.C. § 1406 (venue); 28 U.S.C. § 1631 (jurisdiction).

The facility in which Petitioner is currently detained, and was at the time of filing, is located within McFarland, Kern County, and thus, within the jurisdictional boundaries of the Eastern District of California, 28 U.S.C. § 84(b). *See Central Valley Annex*, U.S. Immigr. & Customs Enf't, https://www.ice.gov/detain/detention-facilities/central-valley-annex (last visited Sept. 10, 2026) (listing physical address of Central Valley Annex as 254 Taylor Avenue McFarland, CA 93250). Accordingly, jurisdiction did not exist in the Central District of California at the time the petition was filed.

//

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:26-cv-05192-SSC | Date: | September 14, 2026 |
| Title | Fnu Xinjiletu v. Scott Frauenheim | | |

Therefore, in the interest of justice, IT IS ORDERED that the Clerk of this Court transfer this matter to the United States District Court for the Eastern District of California.[2]

**IT IS SO ORDERED.**

:

Initials of Preparer **ts**

[2] "Because an order transferring venue does not address the merits of the case, it is a nondispositive matter that is within a magistrate judge's authority under 28 U.S.C. § 636(b)(1)(A)." *Drennen v. Certain Underwriters at Lloyd's of London*, No. 2:20-mc-0330-DMG-AFMx, 2021 WL 4978459, at *2 n.1 (C.D. Cal. Feb. 16, 2021); *Corrinet v. Burke*, No. 6:11-cv-06416-TC, 2012 WL 1952658, at *6 (D. Or. Apr. 30, 2012) (same).